UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT CLARK**<br>114 Vasser Street<br>Philadelphia, PA 19128<br><br>and<br><br>**A.D.A. ACCESS TODAY**<br>P.O. Box 462<br>Bensalem, PA  19020<br><br>v.<br><br>**PHILA-DELI**, **INC.**<br>410 South Street,<br>Philadelphia, PA 19147<br><br>**JOHN DOE (1-10), ABC CORP. (1-10)** | **CV:   02-CV-2853**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, Robert Clark and A.D.A. ACCESS TODAY, by and through their attorneys, Brodsky & Smith, LLC, bring the following causes of action against the Defendant, seeking injunctive relief, attorney's fees and costs pursuant to the Americans With Disabilities Act, 42 U.S.C. Section 12181, et seq. ("ADA").

### JURISDICTION AND VENUE

1. This action arises from a violation of Title III of the Americans With Disabilities Act, 42 U.S.C. Section 12181 et seq., as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343.

2. Venue lies in this district as the property that is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.

## STATUTORY BACKGROUND

3. On July 26, 1990, Congress enacted the Americans With Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges and access to places of public accommodation.

4. Pursuant to 42 U.S.C. Section 12182 and 28 C.F.R. 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations at that place of public accommodation.

5. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993, if a defendant has ten (10) or fewer employees and gross receipts of $500,000.00 or less. See 42 U.S.C. Section 12181 and 28 C.F.R. 36.508(a).

## THE PARTIES AND STANDING

6. Plaintiff, Robert Clark, is a Pennsylvania resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. Robert Clark has visited the property which forms the basis of this lawsuit, which is located at 410 South Street, Philadelphia, Pennsylvania 19147, and plans to return to the property to avail himself of the goods and services offered to the public at the property.

7. Plaintiff, A.D.A. ACCESS TODAY, is a non-profit advocacy group which seeks to make public accommodations available to all individuals by ensuring that public property is in compliance with 42 U.S.C. Section 12182 and 28 C.F.R. 36.201(a).

    a. The barriers to access at the property described

below have effectively denied or diminished Plaintiffs ability to visit the property and has endangered his/their safety. Barriers to access involving parking and path of travel at the property have posed a risk of injury to the Plaintiff. Every other barrier to access as described in this Complaint causes similar risk of injury, embarrassment or discomfort to the Plaintiff.

b.   Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in Paragraph 15 of this Complaint.

8. Robert Clark desires to visit the Defendant's property not only to avail himself of the goods and services available at the property, but also to assure himself that this property is in full compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

10. Plaintiff, A.D.A. ACCESS TODAY, has reasonable grounds to believe that its members or other disabled individuals will continue to be subjected to discrimination in violation of the ADA by the Defendant.

11. Defendant, Phila-Deli, Inc., on information and belief, owns, or leases, or leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as the Phila-Deli, Inc., located at 410South Street, Philadelphia, Pennsylvania 19147.

**THE INSTANT CLAIM**

12. Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 C.F.R. Section 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and, finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and usable by individuals with disabilities as defined by the ADA.

13. Appendix A to Part 36-Standards for Accessible Design (28 C.F.R. pt. 36, App. A)-sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal agencies, including the Department of Justice, under the ADA.

14. Defendant has discriminated against the Plaintiffs by denying Plaintiff, Robert Clark, access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. Section 12181 et seq. and 28 C.F.R. 36.302 et seq., as described below.

15. Defendant has discriminated and is discriminating against the Plaintiffs in violation of the ADA by failing to, inter alia, have accessible facilities as described below by

4

January 26, 1992 (or January 26, 1993, if a defendant has ten [10] or fewer employees and gross receipts of $500,000.00 or less):

> A. There us no visual or auditory alarm in toilet room. This violates ADAAG sec 4.28.1.
>
> B. The pipes under the lavatory are exposed. This violates ADAAG sec. 4.22.6, 4.19.4.
>
> C. The water closet does not have grab bars. This violates ADAAG sec. 4.17. 4.22.
>
> D. The water closet is 15 ½" and is too short. This violates ADAAG sec. 4.16.3.
>
> E. The toilet room door hardware fails to be operable without tight grasping, pinching or twisting of the wrist. This violates ADAAG sec 4.13.9
>
> F. There is no raised brail characters & pictorial symbol signs adjacent to the latch side of toilet room entry doors. This violates ADAAG sec.4.30.6, 4.30.
>
> G. The toilet room door is 24"wide. This violates ADAAG sec. 14.22.2.
>
> H. The mirror in the toilet room is higher than 40". This violates ADAAG sec. 4.22.6.

16. The discriminatory violations described in Paragraph 15 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

17. The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

18. Plaintiffs have retained the undersigned counsel and are obligated to pay a reasonable attorney's fee, including costs and expenses incurred in this action. Plaintiffs are

entitled to recover these attorneys' fees, costs and expenses from the Defendant pursuant to 42 U.S.C. Section 12205 and 28 C.F.R. 36.505.

19. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a defendant has ten [10] or fewer employees and gross receipts of $500,000.00 or less). All other conditions precedent have been met by Plaintiffs or waived by Defendant.

20. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

21. Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief, including an Order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiff and all other persons with disabilities as defined by the ADA or by closing the facility, either temporarily or permanently, until such time as the Defendant cures its violation of the ADA.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and:

a. A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant, including an Order to make all readily achievable alterations to the facility or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

b. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. Section 12205; and

c. Such other relief as this Honorable Court deems just and proper.

Respectfully submitted,

**BRODSKY & SMITH, LLC**

By:_____
**Jason L. Brodsky, Esquire**
**11 Bala Avenue, Suite 39**
**Bala Cynwyd, PA  19004**
**Attorneys for Plaintiffs ROBERT**
**CLARK and A.D.A. ACCESS TODAY**

**Date:**