UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CLARK <br><br> and <br><br> A.D.A. ACCESS TODAY <br><br> Plaintiffs, <br><br> v. <br><br> PHILA-DELI, INC., <br><br> Defendant. <br><br> JOHN DOE (1-10), ABC CORP. (1-10) | CV: 02-CV-2853 |

## ANSWER

Defendant Phila-Deli, Inc., by and through its undersigned attorneys, Obermayer Rebmann Maxwell & Hippel LLP, hereby answer and set forth its affirmative defenses as follows:

### JURISDICTION AND VENUE

1. Admitted in part, denied in part. Defendant admits only that this court has original jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343. All other averments are denied.

2. Admitted.

### STATUTORY BACKGROUND

3. Admitted in part, denied in part. Defendant admits Congress enacted the Americans with Disabilities Act of 1990. All other averments are conclusions of law to which no answer is required, and therefore they are denied.

407686

4. Denied. The averments set forth in paragraph 4 of the Complaint are conclusions of law to which no answer is required, and therefore they are denied.

5. Denied. The averments set forth in paragraph 5 of the Complaint are conclusions of law to which no answer is required, and therefore they are denied.

### THE PARTIES IN STANDING

6. Denied. Defendant is without knowledge as to the truth of the averments set forth in paragraph 6 of the Complaint, and therefore they are denied.

7. Denied. Defendant is without sufficient knowledge to the truth of the averments set forth in paragraph 7, and therefore they are denied. The averments set forth in paragraphs 7 a and b are conclusions of law to which no answer is required and therefore they are denied. To the extent that any averment set forth in paragraphs 7, 7a or 7b are not conclusions of law, they are specifically denied.

8. Denied. Defendant is without sufficient knowledge to admit the truth of the averments set forth in paragraph 8 of the Complaint, and therefore they are denied.

9. Denied.

10. Denied.

11. Admitted in part, denied in part. Defendant admits only that it owns and operates Phila-Deli, Inc. located at 410 S. 10th Street, Philadelphia, PA 19147. The remaining averments of paragraph 11 of the complaint are conclusions of law to which no answer is required, and therefore they are denied.

### THE INSTANT CLAIM

12. Denied. The averments set forth in paragraph 12 of the complaint are conclusions of law to which no answer is required and therefore, they are denied.

407686

13.     Denied. The averments set forth in paragraph 13 of the complaint are conclusions of law to which no answer is required and therefore, they are denied.

14.     Denied.

15.     Denied. Defendant denies that it has discriminated and is discriminating against the plaintiffs in violation of the ADA. The remaining averments of paragraph 15 a through h are conclusions of law to which no answer is required and therefore they are denied. To the extent that any averment is not a conclusion of law, Defendant is without sufficient knowledge to answer as stated, therefore they are denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied. The averments set forth in paragraph 19 of the Complaint are conclusions of law to which no answer is required, therefore they are denied.

20.     Denied.

21.     Denied. The averments set forth in paragraph 21 of the Complaint are conclusions of law to which no answer is required, therefore they are denied.

### FIRST AFFIRMATIVE DEFENSE

25.     Plaintiff has failed to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

26.     Plaintiff's requests for accommodation are not readily achievable.

### THIRD AFFIRMATIVE DEFENSE

27.     Equities do not support any injunctive relief.

## FOURTH AFFIRMATIVE DEFENSE

28. Plaintiff has failed to exhaust his administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

29. All claims set forth by the plaintiff have been waived.

THEREFORE Defendant Phila-Deli, Inc. hereby seeks judgment in its favor on all claims, with costs and attorney's fee and other relief is deemed proper by the Court.

Respectfully submitted,

_____
Joseph J. Centeno
Roger Cameron
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th Floor
1617 JFK Boulevard
Philadelphia, PA 19103-1895
(215)665-3107

September 23, 2002

407686

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2002, I caused the foregoing Answer to be served via First-Class Mail, postage prepaid on the following:

> Jason L. Brodsky, Esquire
> Brodsky & Smith, LLC
> Two Bala Plaza, Suite 602
> Bala Cynwyd, PA  19004

_____
Joseph J. Centeno

407686